UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEREMIAH FOLSOM HERBERT,

                       Plaintiff,

    v.

CHRISTINA SANFELIZ, MICHAEL PUMA,
DEVINNIE M. DEPUY, JAMES R. FARELL,
MEAGAN K. GALLIGAN, *and*
CHRISTOPHER FOX,

                       Defendants.

No. 22-CV-4299 (KMK)

Order of Service

---

KENNETH M. KARAS, United States District Judge:

Plaintiff, who is currently incarcerated at Sullivan County Jail, brings this pro se action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated June 10, 2022, Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees, was granted.[1]

I.  Standard of Review

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636,

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction over the plaintiff's claims.  *See* Fed. R. Civ. P. 12(h)(3).

## II.  Discussion

### A.  Judicial Immunity

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).  Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009).  "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (collecting cases).  This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Plaintiff sues Superior Court Justice James R. Farrell ("Justice Farrell"), based on the fact that Justice Farrell allegedly signed a warrant for the arrest of Kevin Patton on April 1, 2022 and Plaintiff was also arrested, even though he was not named in the warrant.  (*See* Compl. 9 (Dkt. No. 2).)  Because Plaintiff's claims against Justice Farrell are for "acts arising out of, or related to, individual cases before him," Justice Farrell is immune from suit for such claims. *Bliven*, 579 F.3d at 210.  The Court therefore dismisses Plaintiff's claims against Justice Patton because the claims seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).  The claims are consequently also dismissed as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i); *see also Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

### B. Prosecutorial Immunity

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff's claims against Meagan Galligan ("Galligan") and Michael Puma ("Puma") are based on their actions as prosecutors in "charging him with crimes," which Plaintiff alleges he did not commit. (Compl. 10.) Plaintiff's allegations against these defendants thus involve conduct within the scope of their official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief against defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(b)(iii). The claims are consequently also dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *see also Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

### C. Service on New York State Troopers

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and

serve all process . . . in [IFP] cases."); FED. R. CIV. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Christina SanFeliz ("SanFeliz"), Devinnie M. Depuy ("Depuy"), and Christopher Fox ("Fox") through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

D.  Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery

4

requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests.  In their responses, Defendants must quote each request verbatim.[2]

### III.  Conclusion

The Court dismisses Plaintiff's claims against Justice Farrell, Galligan, and Puma.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(i), (iii).

The Clerk of Court is instructed to issue summonses for SanFeliz, Depuy, and Fox, complete the USM-285 forms with the addresses for these defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.  Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a non-frivolous issue).

SO ORDERED.

Dated:   June 23, 2022
          White Plains, New York

                                                       KENNETH M. KARAS
                                                       United States District Judge

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

## DEFENDANTS AND SERVICE ADDRESSES

1. Christina SanFeliz
   New York State Police
   5754 State Route 55
   Liberty, NY 12754

2. Devinnie M. Depuy
   New York State Police
   5754 State Route 55
   Liberty, NY 12754

3. Christopher Fox
   New York State Police
   5754 State Route 55
   Liberty, NY 12754