UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH FOLSOM HERBERT,

                      Plaintiff,

   -v-

CHRISTINA SANFELIZ, *et al*.

                      Defendants.

22-CV-4299 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Pro se Plaintiff Jeremiah Herbert ("Plaintiff") seeks a Temporary Restraining Order ("TRO") and Preliminary Injunction in a letter filed with the Court on August 4, 2022. (*See* Letter from Plaintiff to Court (Aug. 4, 2022) ("Pl. Ltr. I") (Dkt. No. 12))[1] Plaintiff's request for the Court's intervention appears to stem from the following allegations: 1) Defendants[2] used and continue to use "forms of retaliation [and] harassment"[3] to limit Plaintiff's telephone use and visits from family members at the Sullivan County Jail; and (2) Defendants are "verbally and physically abus[ing]" Plaintiff in retaliation for the instant Action. (*See id*. at 3.)

## I. Background

On May 25, 2022, Plaintiff filed the instant Action pursuant to 42 U.S.C. § 1983 alleging that Defendants illegally searched and arrested Plaintiff without a valid warrant. (*See* Compl. 9–12 (Dkt. No. 2).) On August 4, 2022, Plaintiff filed a letter to the Court titled "Request For

---

[1] The pages in all of Plaintiff's letters are not consistently numbered. Thus, the Court refers to the ECF-stamped page numbers at the top of each page for ease of reference.

[2] Plaintiff does not individually name Defendants in his application. Thus, the Court assumes that Plaintiff's references to "Defendants" refers to all remaining Defendants named in Plaintiff's Complaint: Christina SanFeliz, Devinnie M. Depuy, and Christopher Fox. (Compl. 1.)

[3] The Court removes all capitalizations or emphasis unless specifically noted.

Preliminary Injunction / T.R.O. Relief." (*See* Pl. Ltr. I.) Plaintiff requested an injunction restraining Defendants from 1) "subjecting Plaintiff and family members for harassment, threats, and physical violence, and conspiracy to listen to Plaintiff['s] telephone calls without a warrant;" and 2) "subjecting Plaintiff to illegal and unconstitutional arrest and detention" since his arrest on April 4, 2022. (Pl. Ltr. I 2) Plaintiff requested "immediate" relief to stem irreparable injury and continued damage. (*See* Pl. Ltr. I 3.) On August 5, 2022, the Court directed Defendants to respond to the Application by August 10, 2022. (Dkt. No. 13) In a letter dated August 18, 2022 and docketed on August 22, 2022, Plaintiff requested that the preliminary injunction and TRO be granted "for good cause . . . as an attempt to stop all violation[s] being imposed by listed defendants[,]" after no reply from Defendants. (Letter from Plaintiff to Court (Aug. 22, 2022) ("Pl. Ltr. II") 1 (Dkt. No. 14).)

## II. Discussion

### A. Standard of Review

"A party seeking a preliminary injunction must demonstrate: (1) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction." *Benihana, Inc. v. Benihana of Tokyo*, 784 F.3d 887, 895 (2d Cir. 2015) (alteration and quotation marks omitted); *see also Mason v. Amtrust Fin. Servs., Inc.*, 848 F. App'x 447, 449 (2d Cir. 2021) (summary order) (same). The same standard governs the consideration of an application for a TRO. *See Free Country Ltd. v. Drennen*, 235 F. Supp. 3d 559, 565 (S.D.N.Y. 2016) (noting that "[t]he standard for an entry of a TRO is essentially the same as for a

preliminary injunction," except that TROs are often granted ex parte prior to extensive discovery).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ("[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." (emphasis and quotation marks omitted)); *Free Country Ltd.*, 235 F. Supp. at 565 ("[A] TRO, perhaps even more so than a preliminary injunction, is an extraordinary and drastic remedy . . . ." (quotation marks omitted)). "The 'purpose' of a preliminary injunction 'is not to award the movant the ultimate relief sought in the suit but is only to preserve the status quo by preventing during the pendency of the suit the occurrence of that irreparable sort of harm which the movant fears will occur.'" *Kane v. De Blasio*, 19 F.4th 152, 163 (2d Cir. 2021) (quoting *New York v. Nuclear Regul. Comm'n*, 550 F.2d 745, 754 (2d Cir. 1977)); *see also Williams v. Rosenblatt Sec., Inc.*, 136 F. Supp. 3d 593, 616 n.11 (S.D.N.Y. 2015) ("Preliminary injunctive relief is designed to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." (quotation marks omitted)). "These standards apply with equal force where defendants have not appeared and the motion for a preliminary injunction is unopposed." *Roku Inc. v. Individuals, Corps., Ltd. Liab. Corps., & Unincorporated Ass'ns*, No. 22-CV-850, 2022 WL 1598208, at *2 (S.D.N.Y. May 20, 2022); *see also JTH Tax, Inc. v. Sawhney*, No. 19-CV-4035, 2019 WL 3051760, at *2 (S.D.N.Y. July 11, 2019) (applying these standards to an unopposed preliminary injunction motion).

"Although a plaintiff's burden at the preliminary-injunction stage is less than at the summary-judgment stage, the plaintiff must submit evidence sufficient to support a finding that

3

the plaintiff will likely succeed on the merits and suffer irreparable harm, as the plaintiff bears the burden on their motion for a preliminary injunction." *Engine Cap. Mgmt., LP v. Engine No. 1 GP LLC*, No. 21-CV-149, 2021 WL 1372658, at *5 (S.D.N.Y. Apr. 12, 2021) (quotations omitted), *appeal withdrawn*, No. 21-1236, 2021 WL 5831085 (2d Cir. Aug. 17, 2021); *see also Sunni LLC. v. Edible Arrangements, Inc.*, No. 14-CV-461, 2014 WL 1327880, at *3 (S.D.N.Y. Apr. 3, 2014) (same). While the evidence need not be "compelling" per se, it should be enough to allow a court to conclude that the plaintiff is likely to prove the relevant facts "by a preponderance of the evidence." *Engine Cap. Mgmt.*, 2021 WL 1372658, at *5 (citations and italics omitted) (quoting *Fed. Exp. Corp. v. Fed. Espresso, Inc.*, 201 F.3d 168, 177 (2d Cir. 2000)); *see also Mazurek*, 520 U.S. at 972 (per curiam) (holding that "the movant, by a clear showing, carries the burden of persuasion" (italics, quotation marks, and citation omitted)).

B.  Analysis

Taken charitably, Plaintiff alleges two distinct claims: 1) retaliation and harassment through limits to Plaintiff's telephone use and visits from his family members; and (2) verbal and physical abuse from Defendants in retaliation for the instant Action. (*See* Pl. Ltr. I 3.) Plaintiff argues that he is entitled to relief based on "Defendants['] failure to comply" with this Court's Order requesting a response to Plaintiff's Application by August 10, 2022, as well as "for good cause." (Pl. Ltr. II 1–2.) For the following reasons, Plaintiff's Application is denied.

First, the allegations that Plaintiff makes against "Defendants" as a whole in his Application are non-specific and conclusory. Plaintiff repeatedly references various "forms of retaliation" throughout his Application, including "harassment," "verbal[]" and "physical[] abus[e]," concluding in a general "fear that each Defendant . . . will take any and all illegal actions to introduce pain [and] punishment tactics upon Plaintiff." (*See* Pl. Ltr. I 3-4.) However,

4

Plaintiff provides no additional details, such as which Defendants are alleged to be involved with these acts, when those acts occurred, and any threat of ongoing harm as necessary to sustain an application for a TRO or preliminary injunction. (*See generally* Pl. Ltr. I) Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (internal quotation marks omitted), Plaintiff has not provided the Court with "sufficient facts regarding the nature of *Defendants'* . . . retaliatory [or otherwise harmful] acts against him to show that he will be irreparably harmed if a [TRO] is not granted," *Hartley v. Seely*, No. 15-CV-1345, 2016 WL 1558461, at *1 (N.D.N.Y. Apr. 18, 2016) (emphasis added).

    Moreover, to the extent that Plaintiff's allegations may be considered "specific," Plaintiff's allegations fail to meet the high bar required to show that his lack of telephone access or limited family visits to the Sullivan County Jail will cause Plaintiff to suffer "'actual and imminent' irreparable harm." *Bonie v. Annucci*, No. 20-CV-640, 2020 WL 2489063, at *4 (S.D.N.Y. May 14, 2020) (quoting *Young-Flynn v. Wright*, No. 05-CV-1488, 2007 WL 241332, at *7 (S.D.N.Y. Jan. 26, 2007)). For example, Plaintiff does not allege any specific harm arising from a lack of telephone access, which is particularly striking as courts have repeatedly held that "an inmate's right to a telephone is not unlimited." *McIntosh v. United States*, No. 14-CV-7889, 2016 WL 1274595, at *23 (S.D.N.Y. Mar. 31, 2016); *see also Huggins v. Schriro,* No. 14-CV-6468, 2015 WL 7345750, at *9 (S.D.N.Y. Nov. 19, 2015) (report and recommendation) ("Because inmates have no right to unlimited telephone calls, a constitutional violation only exists if the inmate was stripped of alternate methods of communication." (citation and internal quotation marks omitted)); *Martinez v. Healey*, No. 14-CV-302, 2014 WL 5090056, at *3

5

(S.D.N.Y. Oct. 10, 2014) (same); *Edwards v. Horn*, No. 10-CV-6194, 2012 WL 760172, at *5 (S.D.N.Y. Mar. 8, 2012) (same). Similarly, Plaintiff fails to allege any harms—never mind "actual" or "imminent" harms—from his family's limited visits to the Sullivan County Jail. (*See generally* Pl. Ltr. I)  Because Plaintiff has not demonstrated any irreparable injuries in the absence of a TRO or preliminary injunction, his request should be denied. *See, e.g., Paulino v. Menifee*, No. 00-CV-5719, 2001 WL 243207, at *2 (S.D.N.Y. Mar. 9, 2001) (denying injunction to restore phone privileges where inmate did not allege that alternate means of communication were inadequate).

For the reasons stated above, Plaintiff's Application for a TRO and preliminary injunction is denied without prejudice. The Clerk is directed to terminate the pending Motion (Dkt. No. 12), and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: August 30, 2022
      White Plains, New York

                                                KENNETH M. KARAS
                                                United States District Judge