UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH FOLSOM HERBERT,

                         Plaintiff,

    v.

CHRISTINA SANFELIZ, DEVINNIE M. DEPUY, AND CHRISTOPHER FOX,

                         Defendants.

No. 22-CV-4299 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

In its May 30, 2023, Letter, the Office of the Attorney General ("OAG") notified the Court that Plaintiff's state court conviction may warrant dismissal of the Complaint to the extent it alleges a claim for false arrest. (*See generally* Letter from Cynthia S. Luo to Court ("OAG Ltr.") (May 30, 2023) (Dkt. No. 25).) The Court reviewed the Complaint and judicially noticeable state court records sua sponte and agrees. Accordingly, Plaintiff's claim for false arrest is dismissed without prejudice. That said, the Court construes the Complaint to also state a claim for excessive force, and that claim survives.

Because Plaintiff is entitled to proceed, the Court also addresses service of process. Its reasoning is detailed below but, in short, Defendants are directed to notify the Court whether they consent to waive service. If they decline, the Court will again order the U.S. Marshal Service to again assist Plaintiff.

I. Discussion

A. Plaintiff's State Court Conviction

Plaintiff Jeremiah Folsom Herbert, proceeding pro se, brings this Action against Investigators Christina SanFeliz, Christopher Fox, and Devinnie Depuy ("Defendants"), alleging claims for false arrest and excessive force under 42 U.S.C. § 1983. The Court granted Mr. Herbert's application to proceed in forma pauperis ("IFP") on June 10, 2022. (Order (Dkt. No. 4).)

Because of Plaintiff's IFP status, this Court entered an Order of Service directing the U.S. Marshals to effect service on Defendants. (Order of Serv. (Dkt. No. 10).) But the Marshals' attempts at service were unsuccessful. (*See* Dkt. Nos. 16–18.) As a result, the Court issued a *Valentin* order directing the OAG to ascertain the badge numbers and addresses of Defendant officers (who all appear to be New York State Policemen). (*See* Order (Dkt. No. 24).)

The OAG responded to that Order on May 30, 2023, providing the requested badge numbers and addresses. (*See generally* OAG Ltr.) But the OAG also raised concerns that it believes warrant dismissal. (*Id.*) To understand why, some context is required. Plaintiff's claims arise out of an arrest executed on April 4, 2022. (Compl. 9.) Plaintiff filed his complaint on May 25, 2022, (*see* Compl. 1), shortly after the arrest but before criminal proceedings associated with the arrest had concluded. During those proceedings, a grand jury indicted Plaintiff on controlled substance possession charges in connection with his April 4 arrest. (See OAG Ltr. at 2; *id*. Ex. A ("Indictment") (Dkt. No. 25-2).) That criminal case proceeded to trial and, on December 14, 2022, a jury fund Plaintiff guilty on all counts. (*See* OAG Ltr. Ex. E ("Certificate of Disposition") (Dkt. No. 25-6).)

The OAG contends that Plaintiff's false arrest claim is barred by his conviction and that, to the extent any portion of that claim survives, the specific legal arguments he raises are

2

precluded by rulings in the state criminal case. (OAG Ltr. at 3–4.) The Court directed Plaintiff to respond to the OAG's letter explaining why the case should proceed. (*See* Memo Endorsement (Dkt. No. 26).) Plaintiff filed his response on June 5, 2023, arguing that service is proper and that the Court should not consider the OAG's arguments, as it does not yet represent any Defendant. (*See* Letter from Jeremiah Herbert to Court (June 5, 2023) (Dkt. No. 27).)

Although the OAG has not formally appeared in this case, "[t]he Court has the authority to screen sua sponte an in forma pauperis complaint at any time pursuant to 28 U.S.C. § 1915(e)(2)(B)." *Perl v. Am. Exp.*, No. 12-CV-4380, 2012 WL 2711270, at *1 (S.D.N.Y. July 9, 2012) (italics omitted). Exercising that authority, the Court concludes that Plaintiff's false arrest claim is meritless and must be dismissed.

To prevail on a § 1983 claim for false arrest "a plaintiff must show that '(1) the defendant intended to confine him or her, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged.'" *Higginbotham v. City of New York*, 105 F. Supp. 3d 369, 372 (S.D.N.Y. 2015) (quoting *Stansbury v. Wertman*, 721 F.3d 84, 89 (2d Cir.2013)). It is well-established that a person "who has been convicted of the crime for which he was arrested cannot state a claim for false arrest because his conviction establishes that his confinement was grounded on probable cause [and] therefore[] was privileged." *Johnson v. Pugh*, No. 11-CV-385, 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013) (citing *Cameron v. Fogarty*, 806 F.2d 380, 388–89 (2d Cir. 1986) ("[W]here law enforcement officers have made an arrest, the resulting conviction is a defense to a § 1983 action asserting that the arrest was made without probable cause.")); *see also Betts v. Rodriquez*, No. 15-CV-3836, 2016 WL 7192088, at *3 (S.D.N.Y. Dec. 12, 2016) ("Probable cause is an absolute defense to false arrest . . . [a]nd where a conviction is sustained in

3

connection with an arrest, probable cause is presumed, absent any suggestion that the conviction itself was improperly obtained." (citation omitted)). Construed liberally, neither the Complaint nor Plaintiff's letter implies that the state court conviction is invalid or that it was fraudulently obtained. Accordingly, that claim is dismissed without prejudice subject to potential repleading if Plaintiff overturns his conviction. *See Dockery v. Tucker*, 73 F. Supp. 2d 224, 232 (E.D.N.Y. 1998) (dismissing false arrest claim sua sponte after the plaintiff was "given notice and an opportunity to be heard regarding the conviction bar to his . . . claims"); *see also Clarke v. Lapera*, No. 05-CV-2922, 2005 WL 2445470, at *3 (E.D.N.Y. Sept. 29, 2005) (dismissing malicious prosecution claim sua sponte because conviction had not been reversed or otherwise invalidated).

Although the OAG seeks to dismiss the *entire* Action, it neglects to address Plaintiff's allegations of excessive force. The Complaint clearly states that Defendants "used unnecessary force and [caused] physical harm to Plaintiff" during his arrest. (Compl. 4.) Those allegations may be "weak," and any evidence "extremely thin," but Plaintiffs' claim is nevertheless entitled to a response. *See Griffin v. Crippen*, 193 F.3d 89, 91 (2d Cir. 1999) (reversing sua sponte dismissal of excessive force claim but affirming dismissal of malicious prosecution claim in light of guilty plea); *see also Carpenter v. Dep't of Correction*, No. 10-CV-8087, 2012 WL 1604878, at *5 (S.D.N.Y. May 8, 2012) (declining to sua sponte dismiss excessive force claim, "which defendants ha[d] not yet challenged").

B.  Service

Defendants in this case have not yet been served. The OAG's Letter provided service addresses for Defendants, but the Court directed Plaintiff to respond to the legal issues raised by the OAG instead of ordering service at that time. (*See* Memo Endorsement (Dkt. No. 26).) To

his credit, Plaintiff has repeatedly requested further assistance with service.  (*See* Dkt. Nos. 28–30.)

Having determined the case should go forward, and in the interest of efficiency, the Court requests that Defendants "notify the Court . . . whether they will waive service of summons." *Roundtree v. NYC*, No. 19-CV-2475, 2020 WL 6891831, at *2 (S.D.N.Y. Nov. 24, 2020).  That request is reasonable as Defendants' (assumed) counsel has "received actual notice of this [A]ction" and has filed what amounts to a motion to dismiss on their behalf.  *See id*.  (*See also* OAG Ltr. at 3 ("[T]his Office does not *yet* represent any individual [D]efendant in this matter[.]" (emphasis added)).)  "In the event that [] Defendant[s] decline[] to waive service, the Court shall [again] direct the U.S. Marshal Service to effect service on [Plaintiff]'s behalf."  *See Roundtree*, 2020 WL 6891831, at *2.

## II.  Conclusion

For the reasons stated above, Plaintiffs claim for false arrest is dismissed without prejudice.  Plaintiff may replead that claim at a later date if he successfully reverses or otherwise invalidates his conviction.

Defendants are respectfully requested to notify the Court within 30 days of the date of this Order whether they will waive service of process.

SO ORDERED.

Dated:   January 9, 2024
         White Plains, New York

      KENNETH M. KARAS
      United States District Judge