UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH FOLSOM HERBERT,

                              Plaintiff,

          v.

CHRISTINA SANFELIZ, et al.,

                              Defendants.

No. 22-CV-4299 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff brings this pro se Action under 42 U.S.C. § 1983, alleging that Defendants

violated his constitutional rights.  (*See* Compl. (Dkt. No. 2).)  By order dated June 10, 2022, the

Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without

prepayment of fees.  (Dkt. No. 4.)

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely

on the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119,

123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and

serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals

Service to serve if the plaintiff is authorized to proceed IFP)).

The Court previously ordered the Marshals to effect service on June 28, 2022, (Order

(Dkt. No. 10)), but their attempts returned unexecuted, (*see* Dkt. Nos. 16–18).  The Court

therefore issued a *Valentin* Order on March 31, 2023, (Dkt. No. 24), directing the Attorney

General to identify the badge numbers and service addresses of Defendants, who are all New

York State Police officers.  The Office of the Attorney General ("OAG") responded on May 30,

2023, (*see* Ltr. from Cynthia Luo, Esq. to Court (May 30, 2023) (Dkt. No. 25)), with that

information.  After additional correspondence regarding potential grounds to dismiss the case,

(Dkt. Nos. 26–31), OAG declined to waive service on behalf of Defendants.

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the

summons and Complaint be served within 90 days of the date the Complaint is filed, Plaintiff is

proceeding IFP and the Marshals were unable to effect service without the information provided

by OAG.  The Court therefore extends the time to serve until 90 days after the date after new

summonses are issued.  If the Complaint is not served within that time, Plaintiff should request

an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding

that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray

v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff

proceeding IFP] provides the information necessary to identify the defendant, the Marshals'

failure to effect service automatically constitutes 'good cause' for an extension of time within the

meaning of Rule 4(m).")

To allow Plaintiff to effect service on Defendants Christina SanFeliz ("SanFeliz"),

Devinnie M. Depuy ("Depuy"), and Christopher Fox ("Fox") through the U.S. Marshals Service,

the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return

form ("USM-285 form") for each of these defendants.  The Clerk of Court is further instructed to

issue a summons and deliver to the Marshals Service all the paperwork necessary for the

Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court

may dismiss the action if Plaintiff fails to do so.

<u>CONCLUSION</u>

The Clerk of Court is therefore instructed to issue summonses for SanFeliz, Depuy, and Fox, complete the USM-285 forms with the addresses for these Defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.  Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a non-frivolous issue).

SO ORDERED.

Dated:   January 17, 2024
          White Plains, New York

_____
          KENNETH M. KARAS
          United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Investigator Christina Sanfeliz, Shield No. 1794
   55 Crystal Run Road
   Middletown, NY 10941

2. Investigator Devinne M. Depuy, Shield No. 4283
   5754 State Route 55
   Liberty, NY 12754

3. Senior Investigator Christopher E. Fox, Shield No. 1061
   55 Crystal Run Road
   Middletown, NY 10941