UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEREMIAH FOLSOM HERBERT,

                        *Plaintiff*,

    v.

CHRISTINA SANFELIZ, DEVINNIE M.
DEPUY, *and* CHRISTOPHER FOX,

                        *Defendants*.

No. 22-CV-4299 (KMK)

ORDER & OPINION

---

Appearances:

Jeremiah Folsom Herbert
Romulus, NY
*Pro se Plaintiff*

S. Cynthia Luo, Esq.
New York State Office of the Attorney General
New York, NY
*Counsel for Defendants Devinnie M. Depuy and Christopher Fox*

KENNETH M. KARAS, United States District Judge:

    Jeremiah Folsom Herbert ("Plaintiff"), proceeding pro se, brings this Action, pursuant to 42 U.S.C. § 1983, against Christina SanFeliz ("SanFeliz"), Devinnie M. Depuy ("Depuy"), and Christopher Fox ("Fox") alleging excessive force, invasion of bodily privacy, failure to train, negligence, deliberate indifference to medical needs, and unlawful search claims. (*See generally* Am. Compl. (Dkt. No. 57); Pl's Mem. in Opp. ("Pl's Opp.") (Dkt. No. 68).) Before the Court is Depuy and Fox's (together, "Defendants") Partial Motion to Dismiss (the "Motion"). (*See* Not. of Mot. (Dkt. No. 66).) For the reasons below, the Motion is granted.

I. Background

A. Factual Background

The following facts are taken from Plaintiff's Amended Complaint and attached exhibits and are assumed to be true for the purposes of ruling on the instant Motion. *See Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (per curiam).[1]

On April 4, 2022, around 10:15 AM, Defendants executed a search warrant at an apartment located in Liberty, New York. (Am. Compl. 3.)[2] Plaintiff was present inside the apartment at that time, but was not the target of the search warrant. (*Id.* 3, 5.) Defendants "dragged Plaintiff across the floor of the apartment and down the stairs . . . [and] purposely slamm[ed] Plaintiff['s] head into [the] floor" and into doors. (*Id.* 3, 17.) Plaintiff was not violent and did not offer any resistance. (*Id.* 3.) After being placed in handcuffs, Defendants kicked Plaintiff "numerous times in the stomach," "caus[ing] soreness to [the] groin area." (*Id.* 4.)

At approximately 11:45 AM that same day, Plaintiff was taken to an "isolation cell room" in "State Trooper Station Troop F" and assaulted by Defendants, who struck him in the face, eyes, and back "without provocation." (*Id.* 4–6.) Defendants also made "death threats" against Plaintiff. (*Id.* 38.) The room had no cameras and Defendants were not wearing body

---

[1] Plaintiff attaches documents to his Complaint. (*See* Am. Compl. 31–44.) The Court may consider these documents without converting this Motion into one for summary judgment to the extent that "they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013), and are "incorporated into the [C]omplaint by reference," *Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021).

[2] Pincites to the Amended Complaint use ECF pagination.

cameras when they assaulted him. (*Id.* 16.) Following the alleged assault, Plaintiff made a request for medical attention for injuries to his eyes, nose, mouth, and chest that Defendants ignored. (*Id.* 4–5.) Plaintiff was held in handcuffs for over four hours as he "yell[ed] and scream[ed] for help and assistance." (*Id.* 4.)

Later that day, Plaintiff was strip searched by Defendants, during which "a visual inspection of Plaintiff's anal and genital areas [was] . . . conducted" and Defendants touched Plaintiff "in [a] very improper manner while conducting [the] strip search." (*Id.* 10.) Following the search, Plaintiff was handcuffed and placed in the bullpen. (*Id.*)

Plaintiff alleges chronic migraines, depression, anxiety, post-traumatic stress disorder, an inability to sleep, and back and shoulder pain as a result of his detention and assault. (*See id.* 9.)

B. Procedural Background

Plaintiff initiated this Action on May 25, 2022. (*See* Compl. (Dkt. No. 2).) On June 23, 2022, the Court dismissed sua sponte defendants Superior Court Justice James R. Farrell and prosecutors Meagan Galligan and Michael Puma on the grounds of judicial and prosecutorial immunity, respectively. (*See generally* Dkt. No. 6.) Despite the Court's ordering service on Depuy, Fox, and SanFeliz, (*see* Dkt. No. 10), service remained unexecuted through 2022, (*see* Dkt. Nos. 16–18). The Court issued a *Valentin* order on March 31, 2023. (Dkt. No. 24.) On May 30, 2023, the New York State Office of the Attorney General responded to the *Valentin* order and raised concerns that it believed warranted dismissal. (Dkt. No. 25.) On January 9, 2024, the Court dismissed Plaintiff's claim for false arrest because Plaintiff had been convicted of controlled substance possession charges in connection with his arrest. (Dkt. No. 31 at 2–4.) On April 10, 2024, the Court directed Plaintiff to file an amended complaint. (Dkt. No. 52.) On

May 7, 2024, Plaintiff filed his Amended Complaint. (*See* Am. Compl.) On June 4, 2024, SanFeliz filed her Answer to the Amended Complaint. (Dkt. No. 63.)

On July 11, 2024, Defendants filed the instant Motion. (*See* Not. of Mot.; Defs' Mem. in Supp. of Mot. ("Defs' Mem.") (Dkt. No. 67).) On July 29, 2024, Plaintiff filed his Opposition. (*See* Pl's Opp.) On September 10, 2024, Defendants filed their Reply. (*See* Defs' Reply in Supp. of Mot. ("Defs' Reply") (Dkt. No. 74).)

## II.  Discussion

### A.  Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a

complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)); *Medina v. AAM 15 Mgmt. LLC*, --- F. Supp. 3d ----, 2024 WL 4307816, at *5 (S.D.N.Y. Sept. 26, 2024) (same). Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (citation and quotation marks omitted); s*ee also Gamboa v. Regeneron Pharms., Inc.*, 719 F. Supp. 3d 349, 352 (S.D.N.Y. Feb. 27, 2024) (same).

Moreover, where, as here, a plaintiff proceeds pro se, the Court must construe his submissions "liberally and interpret it to raise the strongest arguments that it suggests." *Ashmeade v. Amazon.com*, No. 23-CV-4331, 2024 WL 4266391, at *7 (S.D.N.Y. Sept. 23, 2024) (alterations adopted) (quoting *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013)); *see also*

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (same). Notwithstanding a standard of review comparatively more lenient and favorable to pro se litigants, such treatment "does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics omitted) (internal quotation marks and citation omitted)).

B.  Analysis

Plaintiff raises two new claims in his Opposition: deliberate indifference to medical needs and an unlawful search. (*See generally* Pl's Opp.) Defendants argue that Plaintiff has failed to state the former claim and that the latter is barred by Plaintiff's state conviction. (*See* Defs' Reply 3–4.) The Court addresses these two new claims before moving on to the substance of Defendants' Motion.

1.  Deliberate Indifference

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. That broad proscription extends to a prison official's "deliberate indifference to serious medical needs of prisoners." *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Zeigler v. Annucci*, No. 23-CV-707, 2024 WL 4252682, at *6 (S.D.N.Y. Sept. 20, 2024) (same). To state a constitutional violation based on such deliberate indifference, a plaintiff must plausibly allege (1) "that he suffered a sufficiently serious constitutional deprivation," and (2) that the defendants "acted with deliberate indifference." *Feliciano v. Anderson*, No. 15-CV-4106, 2017 WL 1189747, at *8 (S.D.N.Y. Mar. 30, 2017); *Zeigler*, 2024 WL 4252682, at *6 (same).

Plaintiff alleges that he experienced "head trauma, . . . severe back pain, bruises over wrist, swollen . . . eyes, [and] shoulder pain" for which he required medical attention. (Pl's Opp. 7.) "District courts in the Second Circuit have consistently held that bruises, lacerations, cuts, black eyes, and other superficial injuries are not sufficiently serious to support a deliberate indifference claim." *Boykins v. Lopez*, No. 21-CV-2831, 2022 WL 2307684, at *9 (S.D.N.Y. June 27, 2022) (alteration omitted) (quoting *Brown v. Annucci*, No. 19-CV-9048, 2021 WL 860189, at *5 (S.D.N.Y. Mar. 8, 2021)). Plaintiff's alleged injuries are similar to those that have been found to be insufficiently serious to establish a deliberate indifference claim. *See, e.g.*, *id.* (finding that "bruised ribs, bruised and knotted head lumps" were insufficiently serious to support a deliberate indifference claim (alteration adopted)); *Brown*, 2021 WL 860189, at *5 (finding that a "busted eye that was swollen for two weeks," "a laceration under his left eye, and [] bleeding out of his right nostril and upper lip" were insufficiently serious to state a deliberate indifference claim (internal quotation marks omitted)); *Adams v. Annucci*, No. 17-CV-03794, 2020 WL 1489787, at *12 (S.D.N.Y. Mar. 27, 2020) (dismissing claim for deliberate indifference to a serious medical need because plaintiff's "headaches, backaches, stomach pains, sleeplessness, stress, and anxiety" "fail[ed] to satisfy the objective requirement"); *cf. Casanova v. Maldonado*, No. 17-CV-1466, 2021 WL 3621686, at *7 (S.D.N.Y. Aug. 16, 2021) (granting summary judgment for the defendant on deliberate indifference claim because the plaintiff's injuries, namely "bumps on his head, back pain, a headache, and superficial scratches" were not of the type that "might have produced death, degeneration, or extreme pain" (internal quotation marks omitted)); *Vasquez v. County of Rockland*, No. 13-CV-5632, 2020 WL 883514, at *13 (S.D.N.Y. Feb. 24, 2020) (granting summary judgment for defendants where plaintiff's "headache and vomiting, neck tenderness, and scratches on [the plaintiff's] chest" were

insufficiently serious to establish deliberate indifference claim), *reconsideration denied*, 2020 WL 8079814 (S.D.N.Y. Oct. 15, 2020), *aff'd sub nom. Vasquez v. Rockland County*, No. 20-3684, 2021 WL 5286676 (2d Cir. Nov. 15, 2021).  Accordingly, the Court dismisses this claim.

    2.  Unlawful Search

As discussed in the Court's January 9, 2024, Order, Plaintiff was indicted on controlled substance possession charges in connection with his arrest and found guilty by a jury on all counts.  (*See* Dkt. No. 31 at 2.)  Accordingly, the Court dismissed Plaintiff's false arrest claim because Plaintiff's conviction barred that claim.  (*See id.* 3–4.)  Defendants argue that the same reasoning applies to Plaintiff's argument that Defendants "did not follow proper policy to search and violated [Plaintiff's] Fourth Amendment right."  (Defs' Reply 4 (quoting Pl's Opp. 9).)  The Court agrees.

The Supreme Court held in *Humphrey v. Heck*, 12 U.S. 477 (1994), that Section 1983 may not be used "to seek damages if a judgment in favor of the plaintiff 'would necessarily imply the invalidity' of a prior state or federal criminal conviction or sentence."  *Cox v. Aversa*, No. 18-CV-3898, 2020 WL 815476, at *3 (S.D.N.Y. Feb. 18, 2020) (quoting *Heck*, 12 U.S. at 486–87)).  "Courts applying the *Heck* doctrine with respect to allegedly unlawful searches must assess 'whether a prisoner's victory in a [Section] 1983 suit would *necessarily demonstrate* the invalidity of his conviction or sentence.'"  *Id.* at *3 (emphasis in original) (alteration adopted) (quoting *McKithen v. Brown*, 481 F.3d 89, 102 (2d Cir. 2007)).  That being said, a Fourth Amendment claim:

> for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the [Section] 1983 plaintiff's still-outstanding conviction.  Because of doctrines like independent source and inevitable discovery, . . . and especially harmless error[,] . . . such a [Section] 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

*Heck*, 512 U.S. at 487 n.7.  None of these exceptions applies here.  "District courts [in this Circuit] have found that, when a [Section] 1983 action targets a single episode involving a single search, such a case would necessarily demonstrate the invalidity of a conviction based on that search."  *Ward v. City of Middletown*, No. 17-CV-5248, 2022 WL 562949, at *5 (S.D.N.Y. Feb. 24, 2022) (citing *El v. City of New York*, No. 14-CV-9055, 2015 WL 1873099, at *4 (S.D.N.Y. Apr. 23, 2015)); *see also Walker v. Kim*, No. 18-CV-4090, 2020 WL 7685100, at *6 (S.D.N.Y. Apr. 24, 2020) (same), *report and recommendation adopted*, 2020 WL 7079421 (S.D.N.Y. Dec. 3, 2020); *Cox*, 2020 WL 815476, at *3 (same).  That is exactly the scenario here; Plaintiff challenges the single search that led to his conviction in state court.  (*See generally* Pl's Opp.)  In other words, Plaintiff alleges that, "but for Defendants' alleged unconstitutional search, [he] would not have been convicted of criminal possession of controlled substances."  *Ward*, 2022 WL 562949, at *5.  Construed liberally, neither the Amended Complaint nor Plaintiff's Opposition implies that Plaintiff's state court conviction is invalid or that it was fraudulently obtained.  Accordingly, because the unlawful search claim necessarily implies the invalidity of his conviction, Plaintiff's Fourth Amendment search and seizure claim is barred and dismissed.  *See Floyd v. Rosen*, No. 21-CV-1668, 2022 WL 1451405, at *7 (S.D.N.Y. May 9, 2022) (dismissing search and seizure claim where plaintiff's conviction rested on a single search and collecting cases); *Palm v. Brooks*, No. 22-CV-9729, 2024 WL 1908388, at *3 (S.D.N.Y. May 1, 2024) (same (citing *El*, 2015 WL 1873099, at *4)).  The Court notes that dismissal is "without prejudice subject to potential repleading if Plaintiff overturns his conviction."  *Herbert v. SanFeliz*, No. 22-CV-4299, 2024 WL 98294, at *2 (S.D.N.Y. Jan. 9, 2024) (citing *Dockery v. Tucker*, 73 F. Supp. 2d 224, 232 (E.D.N.Y. 1998) (dismissing false arrest claim sua sponte after the plaintiff was "given notice and an opportunity to be heard regarding the conviction bar to his

. . . claims"), and *Clarke v. Lapera*, No. 05-CV-2922, 2005 WL 2445470, at *3 (E.D.N.Y. Sept. 29, 2005) (dismissing malicious prosecution claim sua sponte because conviction had not been reversed or otherwise invalidated)).

### 3. Failure to Train

Defendants argue that, "whether Plaintiff alleges that Defendants' actions resulted from an unknown actor's failure to train them[] or [that] Defendants failed to train someone else," this claim "is not cognizable" because Defendants "cannot be held liable for failing to train themselves" and because Defendants are not "a city or municipality or otherwise subject to a municipal liability claim." (Defs' Mem. 4–5.)

Plaintiff alleges that Defendants "had a lawful duty to protect Plaintiff's Constitutional right[s]" and "violated State Trooper Policy [and the] State Police Employee Handbook." (Am. Compl. 15.) Plaintiff further claims that "[Defendants] did not receive proper training by State Police." (Pl's Opp. 10.) These allegations, and Plaintiff's Amended Complaint and opposition brief in general, offer no facts to support Plaintiff's claim that Defendants failed to train and/or supervise any subordinates. A complete absence of any allegations explaining how Defendants failed to train and/or supervise subordinates "does not satisfy even the most minimal pleading standards." *Barry v. Russo*, No. 22-CV-3835, 2024 WL 965000, at *13 (S.D.N.Y. Mar. 5, 2024); *see id.* ("When ruling on a motion to dismiss a pro se plaintiff's complaint, a court must construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests. Nonetheless, even a pro se plaintiff's factual allegations must be at least enough to raise a right to relief above the speculative level to survive a motion to dismiss." (quoting *Keaton v. Ponte*, No. 16-CV-3063, 2017 WL 3382314, at *6 (S.D.N.Y. Aug. 4, 2017) (internal quotation marks and citations omitted))); *see also Rivera v. Town of New Fairfield*, No. 22-CV-1874, 2023 WL

10

6611062, at *8 (S.D.N.Y. Oct. 10, 2023) (finding no individual liability against individual defendants on a failure to train claim where there were no "facts to suggest that these defendants' failure to train or supervise their subordinates was a deliberate choice or that they were aware of a specific deficiency in the training program" (alterations adopted) (quoting *Ryan v. Moss*, No. 11-CV-6015, 2013 WL 956722, at *17 (W.D.N.Y. Mar. 12, 2013))); *Chepilko v. City of New York*, No. 18-CV-2195, 2022 WL 4554961, at *2 (S.D.N.Y. Sept. 29, 2022) (dismissing a failure to train claim where plaintiff "offers no further allegations or information regarding any training or supervision" outside of titling a "cause of action [as] 'failure to properly train NYPD employee'" because "[c]onclusory allegations like these are not sufficient to support a failure to train claim, even in a pro se action." (italics omitted)).

In the absence of any further allegations, the Court does not speculate as to whether Plaintiff's assertions amount to a respondeat superior theory of liability or some other claim. Instead, the Court dismisses without prejudice this claim.

4. Negligence

In New York, in an action for negligence, a plaintiff must prove three elements: "'(1) the existence of a duty on the defendant's part to the plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'" *Pateman v. City of White Plains*, No. 17-CV-6156, 2020 WL 1497054, at *24 (S.D.N.Y. Mar. 25, 2020) (alterations adopted) (quoting *Alfaro v. Wal-Mart Stores, Inc.*, 210 F.3d 111, 114 (2d Cir. 2000) (quoting *Akins v. Glens Falls City Sch. Distr.*, 424 N.E.2d 531, 535 (N.Y. 1981))). Plaintiff appears to bring negligence claims against Defendants for use of excessive force and invasion of bodily privacy. (*See generally* Am. Compl.; Pl's Opp.)

Defendants argue that Plaintiff's negligence claim should be dismissed because "negligence claims cannot be premised on acts [that are] alleged to have been intentional." (Defs' Mem. 6.)  "[A] claim of negligence may be dismissed" where "the conduct alleged, if true, may only give rise to liability for an intentional act." *Pateman*, 2020 WL 1497054, at *24 (quoting *Bah v. City of New York*, No. 13-CV-6690, 2014 WL 1760063, at *13 (S.D.N.Y. May 1, 2014)); *see also Ziming Shen v. City of New York*, 725 F. App'x 7, 16–17 (2d Cir. 2018) (finding that because the record, construed in the light most favorable to the plaintiff, showed that the touching of the plaintiff was "neither inadvertent nor accidental," the plaintiff could not bring claims of both excessive force and negligence (citations omitted)), *cert. denied*, 139 S. Ct. 78 (2018).

In other words, a claim of negligence cannot co-exist with allegations that "sound in intentional conduct." *Pateman*, 2020 WL 1497054, at *24.  Plaintiff's allegations with respect to the alleged excessive force sound in intentional conduct; Defendants "dragged Plaintiff across the floor" and "purposely slamm[ed] [his] head into [the] floor," (Am. Compl. 3, 17), and "struck" Plaintiff "numerous times in [the] face, eyes, and back, (*id.* 5).  The same applies for Plaintiff's allegations of invasion of bodily privacy; Defendants touched Plaintiff "in [a] very improper manner while conducting [the] strip search." (*Id.* 10.)  Courts view allegations of intentional conduct, such as Plaintiff alleges here, as precluding a negligence claim. *See, e.g.*, *Onfroy v. Law Offs. of Geoffrey T. Mott, P.C.*, --- F. Supp. 3d ----, 2024 WL 4350489, at *6 (E.D.N.Y. Sept. 30, 2024) (dismissing negligence claims "[g]iven that they rely on intentional conduct"); *RDK NY Inc. v. City of New York*, No. 21-CV-1529, 2024 WL 4333704, at *7 (E.D.N.Y. Sept. 28, 2024) (dismissing negligence claims premised on intentional acts); *Bah*, 2014 WL 1760063, at *13 (same).  Accordingly, Plaintiff's negligence claim is dismissed.

III.  Conclusion

For the reasons set forth above, Defendants' Motion is granted and Plaintiff's claims for failure to train, negligence, deliberate indifference, and unlawful search are dismissed as against Depuy, Fox, and SanFeliz.[3]  If Plaintiff wishes to file a seconded amended complaint alleging additional facts and otherwise addressing the deficiencies identified above, Plaintiff must do so within 30 days of the date of this Opinion & Order.  Plaintiff is advised that the second amended complaint will completely replace, not supplement, the Amended Complaint.  The second amended complaint must therefore contain all claims, defendants, and factual allegations that Plaintiff wishes the Court to consider.  If Plaintiff fails to timely file a second amended complaint, Plaintiff's claims may be dismissed with prejudice.  The Clerk of the Court is respectfully directed to mail this Opinion and Order to Plaintiff and terminate the pending Motions.  (Dkt. Nos. 48, 66, 71.)

SO ORDERED.

Dated:   March 21, 2025
         White Plains, New York

KENNETH M. KARAS
United States District Judge

---

[3] The Court notes that SanFeliz did not join in Defendants' Motion.  (*See generally* Dkt.) Because the Court's analysis on the issues presented by the Motion "appl[y] equally to all defendants," "the same relief will be granted as to [SanFeliz] upon the Court's own motion." *Youngers v. Virtus Inv. Partners Inc.*, 195 F. Supp. 3d 499, 521 n.13 (S.D.N.Y. 2016) (quoting first *Doll v. Stars Holding Co.*, No. 05-CV-1132, 2005 WL 2811767, at *1 (N.D. Cal. Oct. 27, 2005), then *Walner v. Friedman*, 410 F. Supp. 29, 34 (S.D.N.Y. 1975)); *see also Trade Links, LLC v. BI-QEM SA de CV*, No. 19-CV-308, 2020 WL 1335688, at *14 n.12 (D. Conn. Mar. 23, 2020) (granting a motion to dismiss with respect to a non-moving defendant "because all of the defendants are similarly situated and moreover, because the plaintiff had ample notice and opportunity to oppose the instant motion to dismiss" (citing *Bd. of Tr. of Trucking Emps. of N. Jersey Welfare Fund v. Canny*, 876 F. Supp. 14, 17 (N.D.N.Y. 1995))).