

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

---

April 22, 2025

**Via ECF**
Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

    Re:    *Herbert v. Sanfeliz, et al.*, 22 Civ. 4299 (KMK)

Dear Judge Karas:

    I write on behalf of Defendants Devinne M. DePuy and Christopher Fox, in opposition to Plaintiff's letter seeking discovery sanctions. (Dkt. No. 90).

    By way of background, Plaintiff filed his Complaint on May 25, 2022 alleging that Defendants, along with co-defendant Christina Sanfeliz, falsely arrested Plaintiff, and, along with since-dismissed Defendants Justice James R. Farrell and prosecutors Michael Puma and Meagan K. Galligan, maliciously prosecuted Plaintiff after he was arrested for several charges related to drug trafficking on April 4, 2022. (Dkt. No. 2 at pgs. 9, 13). Plaintiff further alleged that "Defendant listed used unnecessary force and physical harm to plaintiff." (*Id.* at pg. 12). The Court *sua sponte* dismissed Defendants Farrell, Puma, and Galligan on June 10, 2022, in its Order of Service. (Dkt. No. 10). On September 22, 2022, summonses for Defendants DePuy, Fox, and Sanfeliz were returned unexecuted. (Dkt. Nos. 16-18). On March 31, 2023, the Court issued a Valentin Order directing the Office of New York State Attorney General ("OAG") to provide Plaintiff with the identity and badge numbers of these Defendants.

    On May 30, 2023, the OAG filed a response to the Court's Valentin Order, identifying the names, badge numbers, and service orders of Defendants DePuy, Fox, and Sanfeliz, as well as alerting the Court of potential issues regarding Plaintiff's causes of action because Plaintiff had been indicted and convicted at trial for the charges underlying the Complaint. (Dkt. No. 25). Plaintiff then filed letters seeking discovery on June 26, 2023; August 7, 2023; and October 26, 2023. (Dkt. Nos. 28-30). On January 9, 2024, the Court dismissed Plaintiff's false arrest claim without prejudice. (Dkt. No. 31).

    On January 19, 2024, summonses were issued (Dkt. No. 34) and on March 19, 2024, Defendant Sanfeliz filed her motion for a conference for leave to file a motion to dismiss or for the Court to order Plaintiff to file a more definitive statement of claim. (Dkt. Nos. 40-41). On March 21, 2024, Defendants DePuy and Fox filed a letter joining Defendant Sanfeliz's request.

Hon. Kenneth M. Karas                                                                                                                                                     Page 2 of 3
April 22, 2025

(Dkt. No. 45). After additional letter correspondence, Plaintiff filed an Amended Complaint on May 7, 2024, alleging claims of Fourth Amendment excessive force, invasion of bodily privacy, failure to train, and negligence. (Dkt. No. 57). On June 4, 2024, Defendants DePuy and Fox filed a letter motion seeking a conference to discuss their anticipated motion to dismiss the failure to train and negligence allegations and Defendant Sanfeliz answered the Amended Complaint. (Dkt. Nos. 62-63). The Court waived the pre-motion conference and set a briefing schedule on June 5, 2024, directing Defendants DePuy and Fox to file their Motion to Dismiss ("Motion") by July 11, 2024. (Dkt. No. 64). The Motion was fully briefed in accordance to the Court's briefing schedule on September 10, 2024. (Dkt. No. 74).

On November 15, 2024, Plaintiff filed a Motion to Impose Sanctions ("November Motion") due to his belief that Defendants failed to meet their discovery obligations. (Dkt. No. 76). On November 19, 2024, the Court denied Plaintiff's Motion to Impose Sanctions as Defendants DePuy and Fox's Motion was pending. (Dkt. No. 77). On January 2, 2025, Plaintiff filed another letter seeking a discovery order, which the Court denied on January 8, 2025, pending the outcome of Defendants DePuy and Fox's Motion. (Dkt. Nos. 78, 81). Plaintiff again filed identical motions to compel discovery, but for the dates, on February 6, 2025, and March 20, 2025. (Dkt. Nos. 86-87).

On March 21, 2025, the Court granted Defendants DePuy and Fox's Motion to Dismiss, directing Plaintiff to file a Second Amended Complaint ("SAC") within 30 days of the Court's Opinion and Order, making Plaintiff's SAC due on April 21, 2025. (Dkt. No. 89). On April 8, 2025, the Court ordered Defendants to respond to Plaintiff's April 4, 2025 Motion for Sanctions by April 22, 2025, and denied Plaintiff's application for discovery as premature. (Dkt. Nos. 92-93). As of the date of this filing, Plaintiff has failed to file his SAC, although he did file two additional, identical motions for discovery or discovery-related sanctions. (*See* Dkt. Nos. 90-93; 95-96.). Notably, these two new Motion for Sanctions ("April Motions") are identical to each other but for the dates,[1] and almost identical to Plaintiff's already-denied November Motion. The only differences between the April Motions and the since-denied November Motion are largely clerical: the April Motions are typed, only refer to Defendant Sanfeliz's disciplinary records, and refer to Defendant(s) instead of Defendants at parts.

On April 14, 2025, Defendant Sanfeliz responded, where she noted that Defendants are still awaiting Plaintiff's SAC and therefore Plaintiff's claim that Defendants should be in contempt of court for failing to respond to certain discovery demands as meritless. (Dkt. No. 94). Similarly, Defendants DePuy and Fox argue that, since the parties have not held a Fed. R. Civ. P. 26(f) conference, Plaintiff's discovery requests, let alone motion for sanctions with respect to those requests, are premature. Defendants DePuy and Fox respectfully request that the Court deny Plaintiff's letter motion and further respectfully request that the Court grant them until Tuesday, May 13, 2025, to answer Plaintiff's operative complaint (Dkt. No. 57) as Plaintiff has failed to amend.

---

[1] The original typed date on both of these filings, November 11, 2024, was crossed out and replaced with a handwritten date.

Hon. Kenneth M. Karas  
April 22, 2025

I thank the Court for its attention to this matter.

                                               Respectfully submitted,

                                               */s/ S. Cynthia Luo*  
                                               S. CYNTHIA LUO  
                                               Assistant Attorney General  
                                               212-416-8037  
                                               Cynthia.Luo@ag.ny.gov

cc:    Jeremiah Folsom Herbert, *pro se*  
        DIN: 23B1459  
        Five Points Correctional Facility  
        660 State Route 96  
        Caller Box 119  
        Romulus, NY 14541  
        (**via Mail**)

        Michael Sussman, Esq.  
        *Counsel for Defendant Sanfeliz*  
        (**via ECF**)

---

The Motion for discovery-related sanctions is denied. As Defendants note, Plaintiff had a deadline to file a Second Amended Complaint after the Court granted the Motion to Dismiss. Pending Plaintiff's compliance with that order, there was no discovery to be had. So, by extension there was no basis to find that Defendants failed to produce any obligatory discovery. The application to extend the time to answer to May 13 is granted, as Plaintiff has missed the deadline to file a Second Amended Complaint. The Clerk is respectfully directed to mail this document to Plaintiff.

So Ordered.

/s/ Kenneth M. Karas  
4/23/25