UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEREMIAH FOLSOM HERBERT,

       *Plaintiff*,

 v.

CHRISTINA SANFELIZ, DEVINNIE M. DEPUY, *and* CHRISTOPHER FOX,

       *Defendants*.

No. 22-CV-4299 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

 Jeremiah Folsom Herbert ("Plaintiff"), proceeding pro se, brings this Action, pursuant to 42 U.S.C. § 1983, against Christina SanFeliz ("SanFeliz"), Devinnie M. Depuy ("Depuy"), and Christopher Fox ("Fox") alleging excessive force, invasion of bodily privacy, failure to train, negligence, deliberate indifference to medical needs, and unlawful search claims. (*See generally* Am. Compl. (Dkt. No. 57).) Before the Court is Plaintiff's Second Application for assignment of pro bono counsel. (*See* Application (Dkt. No. 132).) For the foregoing reasons, the Application is denied.

 28 U.S.C. § 1915(e)(1) (the "IFP statute") provides, courts "may request an attorney to represent any person unable to afford counsel." Unlike in criminal cases, there is no requirement that courts supply indigent litigants with counsel in civil cases. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.*; *see also Ceara v. Deacon*, No. 13-CV-6023, 2020 WL 8512861, at *1 (S.D.N.Y. Dec. 9, 2020). Even if a court believes a litigant should have a pro bono lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead,

may only "request" an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10, (1989); *see also Drayton v. Young*, No. 17-CV-5440, 2020 WL 9458906, at *1 (S.D.N.Y. Nov. 24, 2020). "Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, and with reference to public benefit, in order to preserve the 'precious commodity' of volunteer-lawyer time for those litigants whose causes are truly deserving." *Rodriguez v. Palmer*, No. 21-CV-8078, 2024 WL 3014108, at *1 (S.D.N.Y. June 13, 2024) (citing *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989)).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. *See* 802 F.2d at 61–62. The litigant must first demonstrate he or she is indigent, for example, by successfully applying for leave to proceed IFP. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* 60–61. If the request meets these threshold requirements, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including the litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application is decided on its own facts. *See Hodge*, 802 F.2d at 61; *see also Norman v. Doe*, No. 17-CV-9174, 2020 WL 6808854, at *1 (S.D.N.Y. Nov. 19, 2020).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Rodriguez*, 2024 WL 3014108, at *1 (reasoning that minimal efforts to obtain counsel do not amount to being unable to obtain counsel entirely); *Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted)); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered.").

Plaintiff satisfies the threshold requirement of indigency because he filed a request to proceed in forma pauperis ("IFP") on May 25, 2022, which the Court granted June 10, 2022. (*See* Dkt. Nos. 1, 4.)  *See* 28 U.S.C. § 1915(e)(1); *see also Hamlett v. Everly*, No. 21-CV-6663, 2024 WL 3744165, at *2 (S.D.N.Y. July 3, 2024) (stating plaintiff satisfies first factor of *Hodge* after granting IFP status); *Jude v. N.Y. State Off. of Mental Health et al.*, No. 22-CV-7441, 2024 WL 1364728, at *2 (S.D.N.Y. Apr. 1, 2024) (finding that plaintiff qualifies as indigent and satisfies the first *Hodge* factor upon review of the plaintiff's IFP application).

For purposes of the instant Application, the Court construes Plaintiff's Complaint liberally and assumes it has "some likelihood of merit" such that it satisfies the threshold requirement under *Hodge*.  *See* 802 F.2d at 60–61 (stating that courts must "first determine whether the indigent's position seems likely to be of substance"); *Rodriguez*, 2024 WL 3014108, at *1 (assuming pro se plaintiff's claims had "some likelihood of merit"); *McCray v. Lee*, No. 16-CV-1730, 2020 WL

4229907, at *2 (S.D.N.Y. July 23, 2020) (assuming for the purpose of the application for pro bono counsel that the plaintiff's claims had "some likelihood of merit").

Plaintiff's core allegations are that he was unlawfully arrested for being present during the execution of a search warrant where Plaintiff had "no involvement with any crimes" and was subjected to humiliating search procedures administered by Defendants during the arrest and while being incarcerated. (*See* Compl. (Dkt. No. 2) 9–13; Am. Compl. 3–5.) Accordingly, Plaintiff's personal involvement in the alleged events weigh against requesting pro bono counsel. "Because the resulting claims largely concern events that happened in Plaintiff's presence, he has 'intimate knowledge of the facts and circumstances' giving rise to his claim, and counsel will likely not assist in further fact-finding and investigation." *Rodriguez,* 2024 WL 3014108, at *2 (quoting *Gill-Drayton v. N.Y. State Educ. Dep't.*, No. 23-CV-10259, 2024 WL 1216728, at *2 (S.D.N.Y. Mar. 21, 2024)); *see also Jackson v. Stewart*, No. 22-CV-7476, 2023 WL 2919036, at *3 (S.D.N.Y. Apr. 12, 2023) (stating that appointment of counsel was unnecessary for a plaintiff who was physically present during the alleged events in the complaint); *Goodson v. Sedlack*, No. 99-CV-10419, 2000 WL 278087, at *2 (S.D.N.Y. Mar. 14, 2000) (declining to appoint counsel where "[the] plaintiff ha[d] an intimate knowledge of the facts and circumstances which [were] the most relevant to [the] action" and did not demonstrate additional facts could be gathered only through the aid of counsel).

Plaintiff requests appointment of pro bono counsel "to conduct the depositions of each [D]efendant for [P]laintiff" and to ensure that Plaintiff "be given [a] fair opportunity to discuss possible settlement" of this Action. (Dkt. No. 132.) Taken liberally, the Court understands Plaintiff to be requesting the appointment of pro bono counsel due to his limited knowledge of the law and lack of formal legal training. However, "a general assertion by Plaintiff as to his lack of

expertise or legal skills is insufficient to justify a request for counsel." *Gill-Drayton*, 2024 WL 1216728, at *2; *see also Culbreth v. Orange Cnty. Jail*, No. 24-CV-75, 2024 WL 1178850, at *2 (S.D.N.Y. Mar. 19, 2024) (stating that a lack of legal knowledge is insufficient for the appointment of counsel); *West v. Brickman*, No. 07-CV-7260, 2008 WL 330373, at *2 (S.D.N.Y. Aug. 6, 2008) (reasoning a general assertion as to a lack of legal knowledge is insufficient to grant a request for counsel).

Further, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013). Indeed, Plaintiff's "complaint[s] demonstrate a clear and concise statement of the facts, showing his ability to present his case." *Rodriguez*, 2024 WL 3014108, at *1 (quoting *Samet v. Dodrill*, No. 05-CV-8795, 2006 WL 278176, at *2 (S.D.N.Y. Feb. 3, 2006)); *see also Jackson*, 2023 WL 2919036, at *3 (S.D.N.Y. Apr. 12, 2023) (stating that a request for counsel is not warranted when the aid of counsel would not provide additional facts and would not substantiate plaintiff's claims). Plaintiff has responded to Defendants' motions, amended his pleadings twice, sent numerous letters communicating with the Court, and filed for extensions, all of which support Plaintiff's ability to proceed pro se. (*See generally* Dkt.) *See Maxwell v. N.Y. Univ.*, 407 F. App'x 524, 528 (2d Cir. 2010) ("[T]he district court did not abuse its discretion in denying appointed counsel because [plaintiff] had demonstrated an ability to file and respond to motions and otherwise to prosecute his action"); *Hodge*, 802 F.2d at 60 (listing a factor for consideration being the "plaintiff's apparent ability to present the case").

Plaintiff also claims his efforts to obtain counsel have been futile. Plaintiff asserts that he "has indeed sent letters to at least two pro bono legal assistance organizations requesting the

assistance of pro bono counsel. (Dkt. No. 132.) While Plaintiff has shown the requisite "minimal effort" to obtain counsel, it is not exhaustive and does not itself justify the need to request counsel "where other factors weigh against such a request." *Rodriguez*, 2024 WL 3014108, at *3; *see also Miranda v. City of New York*, No. 14-CV-210, 2016 WL 1317952, at *2 (S.D.N.Y. Apr. 1, 2016) (noting that a minimal effort to search for counsel and having legal requests denied by attorneys insufficient under *Hodge*); *Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 6, 2015) (denying the plaintiff's application for counsel even though he provided information showing he contacted multiple firms and legal agencies); *Mena*, 2013 WL 1165554, at *1 (stating that contacting "a couple law firms" is insufficient for showing effort to obtain counsel).

For the reasons set forth above, Plaintiff's Application is denied without prejudice to renewal at later phases of this Action should circumstances materially change. The Clerk of the Court is respectfully directed to terminate the pending motion at Dkt. No. 132 and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: September 29, 2025
       White Plains, New York

_____
KENNETH M. KARAS
United States District Judge