UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JEREMIAH FOLSOM HERBERT,

                Plaintiff,

    -against-

CHRISTINA SANFELIZ, DEVINNIE M. DEPUY,
CHRISTOPHER FOX, AND ANDREW KINDERMAN,

                Defendants.
------------------------------------------------------------X

**ORDER**

22 Civ. 04299 (KMK)(JCM)

        Plaintiff Jeremiah Folsom Herbert ("Plaintiff"), proceeding *pro se*, commenced this action on May 25, 2022, pursuant to 42 U.S.C. § 1983 against Defendants Christina SanFeliz, Devinnie M. Depuy, Christopher Fox, and Andrew Kinderman. (Docket Nos. 1, 102). Presently before the Court is Plaintiff's request to conduct the depositions of each Defendant. (Docket Nos. 138, 142). Plaintiff also requests that the Court appoint limited pro bono counsel to assist him with the depositions. (Docket Nos. 138 at 1, 142 at 2). Defendant SanFeliz responded to Plaintiff's request on October 30, 2025, (Docket No. 140), and Defendants Depuy, Fox, and Kinderman responded on November 6, 2025, (Docket No. 143). For the reasons set forth below, (1) Plaintiff's request for pro bono counsel is denied with leave to renew should circumstances change; and (2) Plaintiff's request to take each Defendant's deposition is granted in part and denied in part.

**I. PRO BONO COUNSEL**

        Although there is no constitutional right to counsel in civil cases, the Court has the authority to appoint an attorney for any person unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). However, "[b]road discretion lies with the district judge in deciding whether to

appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (citation omitted). The Court should undertake a two-step inquiry in analyzing whether appointment of counsel is appropriate. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court should "determine whether the indigent's position seems likely to be of substance." *Id.* (quoting *Hodge*, 802 F.2d at 61). Second, the Court should consider other factors such as Plaintiff's "ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason ... why appointment of counsel would be more likely to lead to a just determination." *Id.* at 203-04 (quoting *Hodge*, 802 F.2d at 61-62). As the Court "does not have a panel of attorneys who can be compelled to take on civil cases pro bono, and does not have the resources to pay counsel in civil matters, the appointment of counsel is a rare event." *Ramey v. Dep't of Corr. (N.Y.DOCS)*, No. 13-Civ-17 (CM), 2013 WL 1867342, at *1 (S.D.N.Y. May 2, 2013).[1]

This is Plaintiff's fourth application for the appointment of *pro bono* counsel in this matter. (Docket Nos. 82, 84, 97, and 135). The Honorable Kenneth M. Karas denied each of Plaintiff's prior motions without prejudice. (Docket Nos. 111, 136). The most recent denial was on October 16, 2025. (Docket No. 136). Nothing has changed since that ruling. In addition, Plaintiff has independently filed the Complaint, (Docket No. 2), an Amended Complaint, (Docket No. 57), a request to proceed *in forma pauperis*, (Docket No. 1), and numerous letters to

---

[1] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendants' counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

the Court regarding discovery, (*see, e.g.*, Docket Nos. 138, 142, 143), as well as appeared *pro se* on several telephone conferences. Plaintiff appears intelligent, articulate, and has shown an ability to represent himself.

Accordingly, for the same reasons set forth in Judge Karas' prior Orders, Plaintiff's application for appointment of counsel to assist with Defendants' depositions is denied with leave to renew should circumstances change. *See Ramey*, 2013 WL 1867342, at *1-*2.

## II. DEFENDANTS' DEPOSITIONS

On July 16, 2025, the Court entered a Civil Case Discovery Plan and Scheduling Order ("Scheduling Order"). (Docket No. 113). Pursuant to the Scheduling Order, the deadline for all fact discovery and non-expert depositions was October 14, 2025; all discovery is set to be completed by December 29, 2025. (*Id.*). Although the fact discovery deadline has passed, by letters dated October 20, 2025 and October 25, 2025, Plaintiff wrote to the Court requesting to depose each Defendant for no more than three hours, (Docket No. 138 at 1), and to conduct these depositions using a tape recorder, (Docket No. 142 at 2).

On October 30, 2025, Defendant SanFeliz agreed that Plaintiff may depose her for up to three hours, but opposed Plaintiff's request to take the deposition via tape recorder as it would deprive her of the "right to read and sign her deposition and to make any changes to the transcript." (Docket No. 140). On November 6, 2025, Defendants Depuy, Fox, and Kinderman opposed Plaintiff's request to depose them, arguing: (1) Plaintiff has not demonstrated good cause to modify the Scheduling Order under Federal Rule of Civil Procedure 16(b)(4) or shown that his failure to timely notice these depositions was due to excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B); (2) Plaintiff has already received these Defendants' responses to his written interrogatories, "and it is unclear what information [he] is seeking in a

three-hour deposition that he has not already obtained"; and (3) Plaintiff "has not made a sufficient showing to warrant the Court granting his request [to use a tape recorder]", nor has Plaintiff demonstrated whether he has the financial means to produce a transcript of the depositions as required under the Federal Rules. (Docket No. 143 at 1-3).

Under Rule 16 of the Federal Rules of Civil Procedure, "a [scheduling order] may be modified only for good cause and with the judge's consent." *Tatintsian v. Vorotyntsev*, No. 1:16-CV-7203-GHW, 2021 WL 780139, at *4 (S.D.N.Y. Jan. 27, 2021) (internal quotations omitted). While "Rule 16 does not set forth a definition of good cause" it generally "depends on the diligence of the moving party," who "must show that, despite its having exercised diligence, the applicable deadline set in the court's scheduling order could not reasonably have been met." *Id.* "A significant consideration in determining whether good cause exists is whether there has already been adequate opportunity for discovery." *Kamal v. G E R Indus., Inc.*, 20 CV 5671 (VB), 2023 WL 7184440, at *1 (S.D.N.Y. Nov. 1, 2023). "Additional factors courts consider include: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that discovery will lead to relevant evidence." *Humphreys v. New York City Health & Hosps. Corp.*, No. 16-CV-9707 (VSB), 2023 WL 155446, at *3 (S.D.N.Y. Jan. 11, 2023) (internal quotation omitted). District courts have "broad discretion in deciding whether good cause exists." *Tatintsian*, 2021 WL 780139, at *4.

Upon careful review of the record and the above factors, the Court finds that there is good cause to grant Plaintiff leave to take Defendants' depositions. *See id.* First, considering

Plaintiff's *pro se* status, the Court believes that he has "exercised diligence" in representing himself throughout the discovery process. *Id.* Although Plaintiff requested to take Defendants' depositions after the fact discovery deadline passed, the delay was reasonable given his *pro se* status and current incarceration. *See id.* In addition, while there has been "adequate opportunity for discovery" since the Scheduling Order was entered on July 16, 2025, *Kamal*, 2023 WL 7184440, at *1, there is still over a month before discovery is set to be completed; thus, trial is not imminent, *Humphreys*, 2023 WL 155446, at *3. Other factors weigh in favor of allowing Plaintiff to depose Defendants, including that this discovery may lead to relevant evidence and that Defendants will not be prejudiced by a time-limited deposition. *See id.* Also, only one set of Defendants (Depuy, Fox, and Kinderman) opposed the request; Defendant SanFeliz agreed to be deposed. *See id.* Therefore, the Court finds that there is good cause for Plaintiff to depose Defendants for a maximum of three hours per deposition.

However, Plaintiff's request to transcribe Defendants' depositions via tape recorder is denied. Unless the parties stipulate otherwise, Plaintiff may not depose any party or non-party outside of the presence of "an officer appointed or designated under Rule 28" of the Federal Rules of Civil Procedure. Fed. R. Civ P. 30(b)(5)(A). In addition, there must be an authorized officer of the court or otherwise appropriate person present to audio-record or videotape the deposition. *See* Fed. R. Civ. P. 30(c)(1) (providing that testimony "must be recorded by the officer personally or by a person acting in the presence and under the direction of the officer"); Fed. R. Civ. P. 28(c) ("A deposition must not be taken before a person who is any party's…attorney…or who is financially interested in the action."); *see also Carvalho v. Reid*, 193 F.R.D. 149, 152 (S.D.N.Y 2000). Thus, Plaintiff cannot audio-record the depositions without an authorized officer as defined in Rule 28. *See* Fed. R. Civ. P. 30. Finally, Plaintiff is

responsible for his own discovery costs, and there is no requirement that Defendants or the Court pay for these expenses. *Harris v. Fischer*, No. 11 Civ. 6260 (CM)(JLC), 2012 WL 3964706, at *3 (S.D.N.Y. Sept. 10, 2012) (citing *Espinal v. Coughlin*, No. 98 Civ. 2579 (RPP), 1999 WL 1063186, at *2 (S.D.N.Y. Nov. 23, 1999) ("There is no authority that requires the federal government to pay for the discovery expenses of a pro se plaintiff in a civil case.")).

When the Court advised the parties of its intended ruling at the November 14, 2025 Telephone Conference, Plaintiff asked if he could take Defendants' depositions by written question pursuant to Rule 31 of the Federal Rules of Civil Procedure. Defendants did not object, but stated that Plaintiff could not repeat any question he previously asked Defendants in their respective interrogatories in his written questions. The Court granted Plaintiff leave to take the requested depositions by written questions, pursuant to Rule 31.

Accordingly, if Plaintiff can obtain an authorized officer to record the deposition, administer the oath, and oversee the deposition, he may proceed with each of the depositions requested, pursuant to Rule 30. Plaintiff is directed to comply with the Federal Rules of Civil Procedure when taking the depositions, and is limited to no more than three hours per Defendant. *See Tatintsian*, 2021 WL 780139, at *5. Alternatively, Plaintiff may proceed with each of the depositions by written questions, and must comply with Rule 31 in all respects. In addition, he may not repeat any question he previously asked Defendants in their respective interrogatories.

Given this ruling, Plaintiff is directed (1) to notify the Court on or before December 5, 2025, whether he intends to proceed with the depositions of each Defendant; and (2) if so, to confirm whether he will proceed with the depositions orally pursuant to Rule 30, or by written questions pursuant to Rule 31. If Plaintiff intends to proceed with the depositions, he is also

- 7 -

directed on or before December 5, 2025, to provide the Court with a proposed deadline by which he believes he can complete the four depositions.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's request for pro bono counsel is denied; and Plaintiff's request to take Defendants' depositions is granted in part and denied in part.

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff.

Dated: November 17, 2025
      White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge