UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH FOLSOM HERBERT,

*Plaintiff*,

v.

CHRISTINA SANFELIZ, DEVINNIE M. DEPUY, *and* CHRISTOPHER FOX,

*Defendants*.

No. 22-CV-4299 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Jeremiah Folsom Herbert ("Plaintiff"), proceeding pro se, brings this Action, pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth and Fourteenth Amendment against New York State Troopers Andrew Kinderman ("Kinderman") Devinnie M. Depuy ("Depuy"), Christopher Fox ("Fox") (the three "OAG Defendants") and Christina SanFeliz ("SanFeliz"), (collectively "Defendants"), seeking compensatory damages, punitive damages, as well as injunctive and declaratory relief. (*See* Second Am. Compl ("SAC") 2, 14 (Dkt. No. 102).)[1] Before the Court is Plaintiff's fifth Application for assignment of pro bono counsel ("Plaintiff's Application"). (*See* Letter to Court from Jeremiah Folson Herbet (Feb. 23, 2026) ("Pl.'s Application") (Dkt. No. 204); (Pl.'s Mem. in Supp. Assignment of Pro Bono Counsel ("Pl.'s Mem.") (Dkt. No. 207)). Little has changed since Plaintiffs' fourth application. (*Compare* Pl.'s Mem. *with* Dkt. Nos. 82, 84, 97, 135, 142). Plaintiff also seeks a pre-trial ruling regarding the

[1] When citing to a docket entry that lacks page numbers, the Court refers to the pagination generated by ECF, typically located in the top-right corner of the document.

admissibility of evidence ("Plaintiff's Request"). (Pl.'s Mem. 5–6.) For the foregoing reasons, both Plaintiff's Application and Request are denied.

28 U.S.C. § 1915(e)(1) (the "IFP statute") provides that courts "may request an attorney to represent any person unable to afford counsel." Unlike in criminal cases, there is no requirement that courts supply indigent litigants with counsel in civil cases. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.*; *see also Ceara v. Deacon*, No. 13-CV-6023, 2020 WL 8512861, at *1 (S.D.N.Y. Dec. 9, 2020). Even if a court believes a litigant should have a pro bono lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10, (1989); *see also Drayton v. Young*, No. 17-CV-5440, 2020 WL 9458906, at *1 (S.D.N.Y. Nov. 24, 2020). As the Court "does not have a panel of attorneys who can be compelled to take on civil cases, and does not have the resources to pay counsel in civil matters, the appointment of counsel is a rare event." *Ramey v. Dep't of Corr. (N.Y. DOCS)*, No. 13-CV-17, 2013 WL 1867342, at *1 (S.D.N.Y. May 2, 2013).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. *See* 802 F.2d at 61–62. The litigant must first demonstrate he or she is indigent, for example, by successfully applying for leave to proceed IFP. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* at 60–61. If the request meets these threshold requirements, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the

> fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including the litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application is decided on its own facts. *See Hodge*, 802 F.2d at 61; *see also Norman v. Doe*, No. 17-CV-9174, 2020 WL 6808854, at *1 (S.D.N.Y. Nov. 19, 2020).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Rodriguez v. Palmer,* No. 21-CV-8078, 2024 WL 3014108, at *1 (S.D.N.Y. June 13, 2024) (reasoning that minimal efforts to obtain counsel do not amount to being unable to obtain counsel entirely); *Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted)); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered.").

In his application, Plaintiff represents that, in response to his "numerous letters" attempting to secure pro bono counsel, two attorneys sent Plaintiff "letters of acknowledgment"

and sought to "schedule a legal call to discuss [the] merits of" his case. (Pl.'s Application 1.)[2] From Plaintiff's submissions, it is unclear if these calls ever occurred or what the outcomes were. (*See generally id.*; Pl.'s Mem.) If these discussions are still pending and Plaintiff may yet secure pro bono counsel without aid of the Court, granting his request would be premature. However, if Plaintiff was unable to secure pro bono counsel, the Court proceeds as if, without deciding, Plaintiff has made the requisite "reasonably diligent efforts under the circumstances." *Jenkins v. Chemical Bank*, 721 F.3d 876, 880 (2d Cir. 1983). However, the force of Plaintiff's efforts is not dispositive. His inability to obtain counsel, by itself, is not enough, especially when "other factors weigh against such a request." *Rodriguez*, 2024 WL 3014108, at *3; *see also Miranda v. City of New York*, No. 14-CV-210, 2016 WL 1317952, at *2 (S.D.N.Y. Apr. 1, 2016) (noting that a minimal effort to search for counsel and having legal requests denied by attorneys is insufficient under *Hodge*); *Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 6, 2015) (denying the plaintiff's application for counsel even though he provided information showing he contacted multiple firms and legal agencies); *Mena v. City of New York,* No. 12-CV-28, 2013 WL 1165554, at *1 (S.D.N.Y. Mar. 19, 2013) (stating that contacting "a couple law firms" is insufficient for showing effort to obtain counsel). Accordingly, the Court turns to the factors set forth in *Hodge*.

At the outset, the Court must "first determine whether the indigent[] [plaintiff's] position seems likely to be of substance." *Hodge*, 802 F.2d at 61. Here, Plaintiff was granted permission to proceed in forma pauperis ("IFP"), (*see* Order (Dkt. No. 4)), which satisfies the indigency requirement set forth in *Hodge*, *see* 28 U.S.C. § 1915(e)(1); *see also Hamlett v. Everly*, No. 21-

[2] For the sake of clarity, the Court will address any typographical or grammatical errors in Plaintiff's submissions without the use of brackets.

CV-6663, 2024 WL 3744165, at *2 (S.D.N.Y. July 3, 2024) (stating that a plaintiff satisfies the first *Hodge* factor by having obtained IFP status); *Jude v. N.Y. State Off. of Mental Health et al.*, No. 22-CV-7441, 2024 WL 1364728, at *2 (S.D.N.Y. Apr. 1, 2024) (substantially same). For purposes of the instant Application, the Court construes Plaintiff's Complaint liberally and assumes, without deciding, it has "some likelihood of merit" sufficient to satisfy this threshold requirement. *See* Hodge, 802 F.2d at 60–61 (requiring that courts must "first determine whether the indigent's position seems likely to be of substance"); *Rodriguez*, 2024 WL 3014108, at *1 (assuming a pro se plaintiff's claims had "some likelihood of merit"); *McCray v. Lee*, No. 16-CV-1730, 2020 WL 4229907, at *2 (S.D.N.Y. July 23, 2020) (assuming for the purpose of the application for pro bono counsel that the plaintiff's claims had "some likelihood of merit").

Next, the Court turns to Plaintiff's ability to "investigate crucial facts." *Hodge*, 802 F.2d at 60–61. At the outset, the Court notes that discovery in this case has already closed. (Letter to the Court (J. McCarthy) from Gabriel Kahn, Esq. (Feb. 5, 2026) (Dkt. No. 174).) Furthermore, the Court previously determined Plaintiff's personal involvement in the events underlying this action weigh against requesting pro bono counsel because he is best situated to detail the events of the constitutional violations he allegedly suffered. (*See, e.g.,* Order 4 (Dkt. No. 111); *see also Rodriguez,* 2024 WL 3014108, at *2 ("Because the resulting claims largely concern events that happened in Plaintiff's presence, he has 'intimate knowledge of the facts and circumstances' giving rise to his claim, and counsel will likely not assist in further fact-finding and investigation.") (quoting *Gill-Drayton v. N.Y. State Educ. Dep't.*, No. 23-CV-10259, 2024 WL 1216728, at *2 (S.D.N.Y. Mar. 21, 2024))); *Jackson v. Stewart*, No. 22-CV-7476, 2023 WL 2919036, at *3 (S.D.N.Y. Apr. 12, 2023) (stating that appointment of counsel was unnecessary for a plaintiff who was physically present during the alleged events in the complaint); *Goodson*

*v. Sedlack*, No. 99-CV-10419, 2000 WL 278087, at *2 (S.D.N.Y. Mar. 14, 2000) (declining to appoint counsel where "[the] plaintiff ha[d] an intimate knowledge of the facts and circumstances which [were] the most relevant to [the] action" and did not demonstrate additional facts could be gathered only through the aid of counsel). Plaintiff continues to assert that his need to "properly" depose the Defendants warrants the appointment of pro bono counsel. (Pl.'s Mem. 1.) The Court has previously rejected this argument. (*See* Order 3 (Dkt. No. 144).) As circumstances remain unchanged, these factors continue to weigh against the appointment of counsel.

Next, the Court considers Plaintiff's ability to "present his case," the "complexities of the legal issues," and the likelihood that "conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder." *Hodge*, 802 F.2d at 60–61. The Court has previously determined that "Plaintiff's claims are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." (Order 5 (Dkt. No. 111) (citation and quotation marks omitted).) Although Plaintiff's case has proceeded since the Court's last Order, he continues to "appear intelligent, articulate, and [continues to show] an ability to represent himself." (Order 3 (Dkt. No. 144).) He successfully submitted several discovery motions, (*see, e.g.*, Motion (Dkt. No. 151)), a Motion for Summary Judgment, (*see* Pl.'s Mot. for Summary J. (Dkt. No. 161); Pl.'s Mot. for Summary J. (Dkt. No. 173)), as well as a brief opposing Defendants' Motions for Summary Judgment, (*see* Pl.'s Opp'n (Dkt. No. 205)).[3]

---

[3] The Court notes Plaintiff's unusual naming conventions have somewhat muddied the waters. Plaintiff's Motion at Dkt. No. 205 is tilted "Motion of Opposition Reply Under Rule 56.1." Neither the document's text nor title makes clear if this single document is intended to serve as both his opposition to the Defendants' respective Summary Judgment Motions and his Reply to the OAG Defendants' Opposition to his Motion. Regardless, Plaintiff concedes "there

Plaintiff's successful navigation of prosecuting the case thus far weighs against the appointment of counsel. Although Plaintiff asserts that his "extremely limited knowledge of the law" warrants the appointment of pro bono counsel, (Pl.'s Mem. 1), "a general assertion by Plaintiff as to his lack of expertise or legal skills is insufficient to justify a request for counsel," *Gill-Drayton*, 2024 WL 1216728, at *2; *see also Culbreth v. Orange Cnty. Jail*, No. 24-CV-75, 2024 WL 1178850, at *2 (S.D.N.Y. Mar. 19, 2024) (stating that a lack of legal knowledge is insufficient for the appointment of counsel); *West v. Brickman*, No. 07-CV-7260, 2008 WL 330373, at *2 (S.D.N.Y. Aug. 6, 2008) (reasoning a general assertion as to a lack of legal knowledge is insufficient to grant a request for counsel). Furthermore, the Court has not yet decided the Parties' pending dispositive Motions for Summary Judgment. (*See* Pl.'s Mot. Summ. J. (Dkt. No. 161); Def. SanFeliz's Mot. Summ. J. (Dkt. No. 183); OAG Defs.' Mot. Summ. J. (Dkt. No. 188).) As it remains unclear if cross-examination will be required at all, this factor weighs against the assignment of counsel. Similarly, as Motions for Summary Judgment are pending, the Court denies Plaintiff's request for a pre-trial ruling regarding the admissibility of evidence as premature.

---

are genuine issues of material fact to be resolved by way of a non-jury trial." (*Id.* at 9.) If not yet filed, the Court construes Plaintiff's concession as a waiver of his reply brief.

For the reasons set forth above, Plaintiff's Application is denied without prejudice to renewal at later phase of this Action should his circumstances materially change. The Clerk of the Court is respectfully directed to terminate the pending motion at Dkt. No. 207 and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: August 14, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge