UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

JEREMIAH FOLSOM HERBERT,

Plaintiff,

-against-

CHRISTINA SANFELIZ, DEVINNIE M. DEPUY, CHRISTOPHER FOX, AND ANDREW KINDERMAN,

Defendants.

---------------------------------------------------------------------X

**ORDER**

22 Civ. 4299 (KMK)(JCM)

Presently before the Court is *pro se* Plaintiff Jeremiah Folsom Herbert's ("Plaintiff") letter motion pursuant to Federal Rule of Civil Procedure 37(b)(2) for discovery sanctions and to compel the production of disciplinary files ("Motion"). (Docket Nos. 218, 220, 222).[1] Defendants Devinne DePuy, Christopher Fox, and Andrew Piliero-Kinderman ("Defendants") opposed the Motion ("Defs.' Opp.").[2] (Docket No. 221). For the reasons set forth below, the Motion is denied.

Plaintiff claims that sanctions under Federal Rule of Civil Procedure 37(b)(2) ("Rule 37") are warranted because defense counsel falsely claimed that no personnel files or disciplinary records existed for Defendants Christina Sanfeliz and Christopher Fox, despite evidence of their misconduct during their employment with the New York State Police, as "ruled" by the court in

[1] The Court notes that Plaintiff filed the instant Motion three separate times, raising identical arguments in each instance.

[2] Defendant Christina Sanfeliz did not file an opposition to the instant letter motion. The Court has reviewed Judge Cathy Seibel's decision in *Sanfeliz v. Williams*, No. 22-CV-8914 (CS), 2026 WL 84517 (S.D.N.Y. Jan. 12, 2026), wherein she described alleged disciplinary infractions relating to Defendant Sanfeliz. Assuming, *arguendo*, those allegations are true, none of the disciplinary violations described therein involve excessive force, and, thus, are not relevant to this matter. *Id.* at *4. Therefore, for the reasons stated herein, the Court denies Plaintiff's Motion with respect to Defendant Sanfeliz also.

*Sanfeliz v. Williams*, No. 22-CV-8914 (CS), 2026 WL 84517 (S.D.N.Y. Jan. 12, 2026).[3] (Motion at 1).[4] Defendants argue that the Motion should be denied because: (1) discovery closed seven months ago, and Plaintiff fails to identify a discovery order that was violated; (2) Defendant Fox affirmed in sworn interrogatory answers and written deposition responses that he was never subject to personnel complaints or disciplinary actions with the New York State Police; (3) the Court resolved all discovery issues regarding Defendants' disciplinary records in its November 20, 2025 order; and (4) Defendant Fox denies that he was ever reprimanded for excessive force or violations of protocol in May 2021, and Plaintiff offers no factual basis for that assertion. (Defs.' Opp. at 1-2).

"The two predicates to the imposition of sanctions under Rule 37(b) are (1) a court order directing compliance with discovery requests, and (2) non-compliance with that order[.]" *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 673 F. Supp. 3d 345, 356 (S.D.N.Y. 2023) (internal quotations omitted). Indeed, Rule 37(b)(2) "contains a [non-exhaustive] list of sanctions that may be imposed on a party when the party fails to obey an order to provide or permit discovery." *Salahuddin v. Harris*, 782 F.2d 1127, 1131 (2d Cir. 1986) (internal quotation omitted). Here, Plaintiff fails to meet the first prong, as "it is unclear which, if any, discovery order or orders [Plaintiff] claims [Defendants] have failed to obey." *Stokes v. Wayne Cnty.*, 21-CV-6657EAW, 2023 WL 4144507, at *6 (W.D.N.Y. June 23, 2023). Thus, because "Plaintiff has not identified any court order that was violated . . . Rule 37(b) is not applicable." *Oliver v. New York State Police*, No. 1:15-CV-0444 (BKS/DJS), 2019 WL 1915215, at *3 (N.D.N.Y. Apr.

---

[3] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendants' counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel must provide the *pro se* litigant with copies of such unpublished cases and other authorities as are cited in a decision of the court and were not previously cited by any party.").

[4] All page number citations herein refer to the page numbers assigned upon ECF filing, unless otherwise noted.

30, 2019), *see also Gagasoules v. MBF Leasing LLC*, 286 F.R.D. 205, 214 (E.D.N.Y. 2012) ("[T]he Court finds that the Defendant has failed to identify a specific order that Counsel [or Plaintiffs] violated in order to warrant sanctions pursuant to [Rule 37(b)].").

Moreover, the Court previously ruled on Plaintiff's requests for Defendants' disciplinary records. (*See* Docket No. 146 at 6 ("With respect to Plaintiff's third request, Mr. Kahn informed Plaintiff in the interrogatory responses for Defendants Depuy, Fox, and Kinderman that there are no relevant disciplinary records, and confirmed the same at the November 14, 2025 Telephone Conference. Mr. Sussman also confirmed that there are no relevant disciplinary records for Defendant SanFeliz. Accordingly, Plaintiff's discovery demands included in Docket No. 145 are resolved.")). Plaintiff does not challenge the findings of that order, nor does he present evidence to contradict them. *See Gao v. Savour Sichuan Inc.*, 19-CV-2515 (JPC) (KHP), 2021 WL 4892864, at *2 (S.D.N.Y. Oct. 20, 2021) ("Defendants aver that they have turned over all relevant documents in their possession and Plaintiff has not provided any evidence to show that is not the case.").

Instead, Plaintiff cites to a decision from an unrelated case brought by Defendant Sanfeliz (where she asserted hostile work environment and failure to promote claims) to demonstrate that Defendant Sanfeliz and Defendant Fox did in fact have disciplinary records while employed by the New York State Police. *See Sanfeliz*, 2026 WL 84517, at *4. However, the court did not "rule" in that case, as Plaintiff alleges, that Defendant Sanfeliz had serious misconduct issues relevant to the claims here. Rather, the court provided an overview of the factual background pertinent to that action, and specifically noted that Sanfeliz denied accusations of misconduct. *Id.* Additionally, there is no discussion of any disciplinary issues relating to Defendant Fox in that decision, nor does Plaintiff provide any other evidence to substantiate that claim. Thus,

Plaintiff's conclusory assertions, without more, are insufficient for the Court to revisit its prior decision or to impose Rule 37 sanctions. *See Rech v. Cnty. of Monroe*, 17-CV-6418-FPG, 2022 WL 787968, at *10 (W.D.N.Y. Mar. 15, 2022) ("These conclusory allegations are not adequately developed through argument in such a way that permits this Court to undertake meaningful analysis . . . [n]or has the Court located any support for these assertions in the record.").

Accordingly, Plaintiff's Motion is denied. The Clerk of Court is respectfully requested to terminate the pending Motion (Docket No. 222), and to mail a copy of this Order to the *pro se* Plaintiff.

Dated: September 17, 2026
White Plains, New York

**SO ORDERED:**

Judith C. McCarthy
JUDITH C. McCARTHY
United States Magistrate Judge